# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE HAMILTON, individually and on behalf of other similarly situated Plaintiffs,<br><br>v.<br><br>DS Services of America, Inc.; Costco Wholesale Corp., and DOES 1-10, inclusive<br><br>Defendants. | Case No. 3:15-cv-04735-VC<br>3:16-cv-05942-VC<br><br>[proposed] **ORDER GRANTING MOTION FOR SETTLEMENT APPROVAL**<br><br>**Date: November 9, 2017**<br>**Time: 10:00 A.M.**<br>**Courtroom: 4, 17th Floor**<br><br>Hon. Vince Chhabria |
| BARBARA LOO, individually, on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DS SERVICES OF AMERICA, INC., et al.,<br><br>Defendants. | |

[proposed] ORDER GRANTING SETTLEMENT APPROVAL

Case No. 3:15-cv-04735-VC     i

Plaintiffs' Motion for Settlement Approval came before the Court on November 9, 2017. Defendants did not oppose the Motion. Based on the pleadings, papers, and arguments of counsel, and good cause appearing therefore, the Court hereby grants the Motion in full.

The Settlement Administrator distributed notice by mail on August 18, 2017. The Notice informed Plaintiffs of their settlement share, and the requested fees, costs, and service awards. 164 out of 166 Plaintiffs have returned claims forms and are participating in this settlement. The Administrator did not receive any objections or requests for exclusion.

The Courts finds that this settlement reflects a "reasonable compromise over issues" that are "actually in dispute." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982). The Court finds that the settlement reflects a reasonable compromise as to entitlement to overtime, amount of overtime, and calculation of overtime, and therefore warrants approval.

The Court approves Plaintiffs' Counsel's requested attorneys' fees and costs. Here, the settlement agreement provides for, and the Court grants, attorneys' fees of $416,666.67 (one-third of the total settlement amount), and up to $12,000 in attorneys' unreimbursed litigation costs, and up to $8,000 for costs of administration.

The Court approves the requested service awards of $10,000 each for the two Named Plaintiffs. The amount of these awards are reasonable in light of the effort expended, the global results obtained, the average payments to Plaintiffs, the risk of reputational harm, and the general release that the Named Plaintiffs have signed.

As of the Effective Date, all of the Released Claims as defined in the Settlement Agreement are hereby released against the Released Parties, and the claims of all 164 accepting Plaintiffs shall be dismissed with prejudice. Without affecting the finality of this Judgment and Order in any way, the Court retains jurisdiction over the interpretation, implementation, and enforcement of this settlement and the payments to be made under the settlement.

1  As discussed at hearing, the Parties agree, and the Court confirms, that Paragraph 22 of the Settlement Agreement does not prohibit anyone from cooperating in a government investigation.

As further discussed at hearing, the funds allocated to the two Non-Responders shall be held in trust by Plaintiffs' Counsel for two years from the Effective Date. These Non-Responders may claim their allocations at any time during this two-year window by contacting Plaintiffs' Counsel or the Administrator and returning a release of claims form. If these Non-Responders do not claim their allocations during this window, the funds will be distributed to *cy pres* pursuant to the Settlement Agreement, and the individuals' claims will be dismissed with prejudice pursuant to the Settlement Agreement. Plaintiffs' Counsel shall take reasonable steps to contact these Non-Responders.

Except as otherwise provided in the Settlement Agreement and this Order, the parties shall bear their own attorneys' fees and costs.

**IT IS SO ORDERED**

Dated: P qxgo dgt "32, 2017

_____
Hon. Vince Chhabria
United States District Judge